STATE, Respondent, vs. PEDERSON and others, Appellants.

*January 13—March 10, 1908.*

*State depositories: Official bonds: Sureties: Suit by state treasurer: Excessive deposit.*

1. Where the attorney general refused to bring an action against sureties for the breach of a bond given under the state depository laws to secure the deposit of state funds in a bank designated as a state depository, it became the duty of the state treasurer, under sec. 984, Stats. (1898), to cause an action to be commenced, and in the exercise of his discretion to employ counsel for that purpose.

State v. Pederson, 135 Wis. 31.

2. A bank designated as a state depository under sec. 160a, Stats. (1898), is a public officer, and the bond required of such depository under sec. 160b, Stats. (1898), is an official bond.

3. Sureties on official bonds are presumed to know and consent to the rule that the state is not ordinarily estopped by acts of misfeasance by its officers, and does not contract with such sureties that public officers shall perform their duties faithfully.

4. The sureties on a bond given under sec. 160b, Stats. (1898), relating to state depositories, are liable, notwithstanding the state treasurer deposited a larger amount in the bank than was authorized by the state board of deposits, where the gross amount of deposit comes within the penalties and terms of the bond.

Appeal from a judgment of the circuit court for Rusk county: John K. Parish, Circuit Judge. *Affirmed.*

This is an action commenced August 5, 1905, against the sureties upon the bond of the First National Bank of Ladysmith, a state depository. The bond was given to the state March 5, 1903, in the penal sum of $50,000, and conditioned to repay upon demand to the state treasurer, with interest, all such state funds as said treasurer might deposit in said bank. The balance claimed to be due in the complaint was $8,488.70, but it appeared by the evidence that the bank went into the hands of a receiver June 2, 1905, and that the receiver paid to the state treasurer two dividends in January and March, 1906, reducing the amount due the state on July 1, 1906, to $2,131. The action was brought in the name of the state by private attorneys employed by the state treasurer, and not by the attorney general, and the defendants upon the trial moved to dismiss the cause for this reason. The defendants also claimed that the state board of deposits in June, 1903, limited the amount to be deposited in the bank to the sum of $12,000, and that the state treasurer thereafter unlawfully deposited a sum exceeding $24,000; that the lawful deposit of $12,000 had been fully repaid; and that the balance remaining was unlawfully deposited, and hence that the sureties on the bond were not liable for such balance. A special verdict was returned by the jury in which they found

(1) that on June 17, 1903, the state board of deposits limited the amount of money to be deposited in the bank to the sum of $12,000; (2) that Kempf, the state treasurer, did not know of such limitation; and (3) that Kempf asked the attorney general to commence this action before the same was begun and the attorney general refused. The defendants moved the court to change the answers to the second and third questions and for judgment, and also moved for a new trial in case the prior motion should be denied, but the court denied both motions and rendered judgment on the verdict for the amount remaining unpaid, with interest and costs, and the defendants appeal.

For the appellants the cause was submitted on the brief of *T. M. Thomas,* attorney, and *Wickham & Farr,* of counsel.

For the respondent there was a brief by *Glicksman & Gold,* attorneys, and *J. J. Cook,* of counsel, and oral argument by *Nathan Glicksman.*

The following opinion was filed January 28, 1908:

WINSLOW, C. J. The first question is whether the action should have been dismissed because not brought by the attorney general, but by private counsel employed by the state treasurer. The solution of this question depends upon the construction given to the statutes which prescribe the respective duties of the attorney general and state treasurer, and the substance of these statutes will now be stated. The general provision prescribing the duties of the attorney general, sec. 163, Stats. (1898), provides, among other things, that it shall be his duty

"(1) to appear for the state and to prosecute or defend all actions and proceedings, civil or criminal, in the supreme court, in which the state shall be interested or a party, and to attend to and to prosecute or defend all civil cases sent or remanded by the supreme court to any circuit court in which the state is a party; and whenever requested by the governor or either branch of the legislature, to appear for the state

and prosecute or defend in any court or before any officer, any cause or matter, civil or criminal, in which the state or the people thereof may be in any wise interested; (2) to prosecute at the request of the governor, secretary of state or treasurer, any official bond or any contract in which the state is interested, deposited with either of them, upon a breach thereof, and to prosecute or defend for the state all actions, civil or criminal, relating to any matter connected with either of their departments; (3) to consult and advise with the district attorneys when requested by them in all matters pertaining to the duties of their office."

Sec. 131 (Id.) provides that

"whenever, in the opinion of the governor, the rights, interests or property of the state shall have been or shall be liable to be injuriously affected, he may require the attorney general to institute and prosecute any proper action or suit for the redress or prevention thereof; and whenever he shall receive notice of any action or proceeding between other parties by which the rights, interests or property of the state shall be liable to be injuriously affected, he shall inform the attorney general thereof and require him to make every legal and equitable defense against such action or proceeding."

The section further authorizes the governor, secretary of state, and state treasurer to employ counsel to assist the attorney general in such cases, or to act in his stead if the attorney general be absent, sick, or adversely interested, whose compensation is to be fixed by the governor and paid out of the state treasury. Sec. 160b (Id.) requires the bond of every authorized state depository of public moneys to be filed with the state treasurer. Sec. 152 (Id.) provides that the state treasurer shall "receive and have charge of all money paid into the state treasury and shall pay out the same as directed by law." Sec. 984 (Id.) provides, among other things, that

"when the state . . . shall have sustained any damage by reason of the breach of any of the conditions of any official bond, or shall be entitled to recover any damages, money,

penalty or forfeiture on any official bond, it shall be the duty of the attorney general . . . to prosecute or cause to be prosecuted all actions against the officer giving such bond and his sureties necessary for the recovery of the damages, money, penalty or forfeiture for which they may be so liable by virtue of such bond; and it shall be the special duty of the treasurer of the state . . . to cause such actions to be commenced against every officer and his sureties on his official bond for, every breach thereof in refusing or neglecting to pay over according to law all moneys received by him, and such bonds shall be prosecuted by other officers when specially directed by law."

From inspection of these provisions it seems quite plain that the legislative intent is that the attorney general shall prosecute and defend actions in which the state may be interested, except such actions as fall within the duties of the district attorneys, and, further, except as he may be assisted or supplanted by counsel employed by the governor, secretary of state, and treasurer, as provided in sec. 131.

But another intent is equally apparent, and that is that every state officer with whom an official bond is deposited is charged with the duty of notifying the attorney general and demanding the prosecution thereof in case of its breach, and in the case of the state treasurer he is charged with the further duty of *causing* an action to be commenced for the recovery of state moneys not paid over which are secured by such bond. The bond in suit here was an official bond because prescribed by public law. Murfree, Official Bonds, § 36; *Faurote v. State ex rel. Gordon,* 110 Ind. 463, 11 N. E. 472; *Hart v. U. S.* 95 U. S. 316. The bank was an authorized state depository charged with the public duty of safely keeping and paying over such state moneys as should be deposited with it, and thus became a public officer. The bond covered the moneys in question, as will be shown later in this opinion, and hence, when the bank refused payment, the contingency arose when it became the duty of the treasurer, not only to call upon

the attorney general to commence an action upon the bond, but to cause such action to be commenced. The jury found upon sufficient evidence that the treasurer made the request and that the attorney general refused to commence the action; and the question is whether under such circumstances the treasurer was authorized to employ private counsel to prosecute the action in the name of the state.

The treasurer is required to safely keep and pay out upon proper warrant all state moneys which are placed in his hands, whether such moneys be in the vaults of the state or in the hands of state depositories. In fact, under the state depository law, all sums on deposit in such depositories are deemed to be in the state treasury. Sec. 160d, Stats. (1898). This duty involves necessarily a very heavy financial responsibility, running up into hundreds of thousands and even millions of dollars, and it may well be that on account of this great responsibility the legislature determined to give the treasurer greater power in the beginning of actions and enacted the special provisions of sec. 984, *supra*, to the effect that he shall cause actions to be commenced upon breached official bonds, whereas in the case of other state officers with whom official bonds are filed the requirement is simply that they request the attorney general to bring action. But, whatever be the reason for this differentiation in the duties of state officers in this respect, it is certain that it exists, and it is equally certain that if the attorney general, by refusing to sue when requested, can prevent the bringing of any action, he is able to nullify the law and prevent the treasurer from performing a duty which the legislature has made mandatory; and not only is he able to do this, but he may also by delaying action prevent the recovery of moneys due the state in cases where prompt action alone will avail to save the state from loss. In the present case the attorney general wrongly refused to bring the action when requested to do so, and we hold that it then became the duty of the state treasurer, following

the mandate of the statute, to cause an action to be commenced and to employ counsel for that purpose in the exercise of his discretion.

The second contention made by the appellants, to the effect that they were discharged from liability by reason of the fact that the state treasurer deposited a larger amount in the bank than was prescribed by the state board, must also fail. The state is not ordinarily estopped by acts of misfeasance on the part of its officers, nor does it contract with the sureties on an official bond given to it that other public officers shall perform their public duties faithfully. Sureties upon such bonds are presumed to know this principle and to consent to be bound by it. The principles governing the liabilities of sureties upon private bonds and contracts have no application so far as they conflict with this. *Hart v. U. S., supra.* The gross amount deposited was within the penalties and terms of the bond and the sureties must perform their contract.

Upon the practically undisputed facts of the case the judgment was right, and all minor questions become immaterial.

*By the Court.*—Judgment affirmed.

Timlin and Bashford, JJ., took no part.

Upon a motion by the appellants for a rehearing there was a brief by *Wickham & Farr,* counsel, and for the respondent a brief by *Glicksman & Gold,* attorneys, and *J. J. Cook,* of counsel.

The motion was denied March 10, 1908.