COUNTY OF GOODHUE v. ALBERT NOSER AND OTHERS.[1]

March 25, 1927.

No. 25,867.

**Judgment against individual sureties on bond to secure deposits erroneous.**
    In this action to recover of the several sureties on two bonds, given
    by a state bank to secure deposits of county funds, the amount on
    deposit at the time the bank became insolvent and was taken over for
    liquidation by the state authorities, it was error to direct the entry
    of judgment against the sureties on either bond for less than the
    amount of deposit, interest and cost, said sum being less than the
    penalty named in either bond. For the purposes of this action, which
    is not for contribution as between cosureties, the bond of the individ-
    ual sureties must be considered as imposing an equal liability to the
    county to that imposed by the bond executed by the surety company,
    the penalty named in each bond being in the same amount, notwith-
    standing the provision of G. S. 1923, § 848.

Depositaries, 18 C. J. p. 588 n. 15 New; p. 597 n. 16 New.
Principal and Surety, 32 Cyc. p. 279 n. 75.

Defendant surety company appealed from an order of the district
court for Goodhue county, Johnson, J., denying its motion for a
new trial. Reversed and remanded.

*Doherty, Rumble, Bunn & Butler,* for appellant.

*Theodore N. Ofstedahl,* County Attorney, for the respondent County
of Goodhue. The other defendants were served with notice of
appeal but did not appear.

HOLT, J.

Appeal by defendant surety company from the order denying a
new trial.

Plaintiff, the county of Goodhue, brought the action to recover
from the sureties on two depository bonds, furnished by the State
Bank of Pine Island, Minnesota, in order to receive deposits of

[1]Reported in 212 N. W. 948.

county funds. The one bond was in the penal sum of ten thousand dollars whereon five individuals were sureties. It was executed April 26, 1923. The other was in the same amount executed May 28, 1923, whereon appellant was the surety. The bank became in-solvent, and on May 24, 1924, was taken over for liquidation by the state authorities. At that time the county had on deposit $8,548.32 payable on demand, which has been reduced by a liquidation dividend of $1,711.34 received by plaintiff on April 9, 1925.

The court, after finding the above facts and that a demand had been made on defendants for payment, directed that judgment be entered against appellant for $5,178.91, and such further judgment as shall remain uncollectible upon the judgment against the sureties in the first bond; and directed that judgment be entered against each of the sureties in the first bond for $2,589.45 and such further sum as shall remain uncollectible upon the judgment entered against appellant not to exceed $5,000; and that execution delivered to the sheriff embody a statement of the judgment, and the sheriff collect the same according to the tenor and effect thereof.

The county does not appeal, but concedes the conclusions of law to be erroneous. The trial court evidently attempted to fix the liabilities as between defendants and enter a judgment which determined how much each surety should contribute. Had there been a difference in the penalties of the two bonds, it would have been proper to fix the highest liability of the sureties in each bond. Although we have a statute (G. S. 1923, § 848) which authorizes deposits of the county funds in an amount not to exceed one-half of the penalty named in the bond having individual sureties, and up to the full amount of the penalty named in the bond having a surety company as surety, it has been held that the individual sureties are severally liable to the county to the full amount of the penalty in their bond. Board of Co. Commrs. v. Gray, 61 Minn. 242, 63 N. W. 635. Other courts in states having somewhat similar statutes have reached a different result. Fremont County v. Fremont County Bank, 138 Iowa, 167, 115 N. W. 925; Yellowstone County v. First Trust & Sav. Bank, 46 Mont. 439, 128 Pac. 596; In re State Treas-

urer's Settlement, 51 Neb. 116, 70 N. W. 532, 36 L. R. A. 746. However, Gregg v. Hinkle, 29 N. Mex. 576, 224 Pac. 1025; In re State v. Pederson, 135 Wis. 31, 114 N. W. 828; and the majority opinion in U. S. Fid. & G. Co. v. Naylor (C. C. A.) 237 F. 314, accord with Board of Co. Commrs. v. Gray, supra. See also City of Cheyenne v. Maryland Casualty Co. (D. C.) 13 F. (2d) 401. On the principle of our prior holding, the learned trial court erred in directing judgment for less than the unpaid deposit with interest and costs on either bond.

This is not an action for contribution, a cause for which does not arise until there has been payment by a cosurety. Here none had been made. Therefore, an adjudication of contribution was premature, except as that right may be affected by a determination of the amount of the penalty in each bond. Whether in a suit for contribution it should be held that the presumption should obtain that the county treasurer observed the law and deposited no more than an amount equal to one-half of the penalty of the first bond until the second bond was given, so that in equity and justice the two bonds, as between the sureties thereon, should be considered as the one for $5,000 and the other for $10,000, and a proportionate contribution decreed, we do not decide. The conflicting views are well set forth by Judges Sanborn and Trieber in the case in the federal court of appeals above cited, which was one for contribution between cosureties.

The order is reversed with direction to modify the conclusions of law in harmony herewith.