STATE OF NORTH CAROLINA Ex REL. AVERY COUNTY; SMITH EGGERS, CHAIRMAN; IRA M. VANCE; J. W. HUGHES; J. H. PRITCHARD AND F. P. GUINN, BEING AND CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF AVERY COUNTY, v. J. D. BRASWELL AND AMERICAN INDEMNITY COMPANY.

(Filed 22 March, 1939.)

**1. Pleadings § 20—**

A demurrer admits the truth of every material fact alleged in the complaint, and upon demurrer the complaint will be liberally construed with every reasonable intendment and presumption in favor of the pleader, and the demurrer will be overruled unless the complaint is fatally defective, C. S., 535.

**2. Public Officers § 7a—**

A public officer must use the same reasonable skill and diligence in the performance of his official duties for the benefit of the public that careful men usually exercise in the management of their own affairs.

**3. Principal and Surety § 5a—**

The liabilities of a surety on the bond of a public officer for the faithful performance of his official duties are coextensive with those of the officer himself, and the bond covers all the statutory duties of the officer as though expressly inserted in it.

4. **Counties § 7: Principal and Surety § 5a—Complaint alleging wrongful approval of county vouchers by county accountant held sufficient as against demurrer of accountant and his surety.**

This action was instituted against a county accountant and the surety on his official bond, which was conditioned upon the faithful performance of his official duties, Michie's Code of 1935, sec. 1334 (69). The complaint alleged, in effect, that the accountant wrongfully approved vouchers in payment for services rendered by a company in the reorganization of the county finances, and that the vouchers so approved by the accountant and paid by the county greatly exceeded in amount the total contract price agreed upon with the company for such services, and that the sums were paid before the company was entitled to payment under the contract. *Held:* Under the provisions of the County Fiscal Control Act it is the duty of the county accountant to keep detailed accounts of appropriations and disbursements of county funds and to certify on each warrant or order drawn against the county that provision has been made for its payment and an appropriation duly made or a bond or note duly authorized as required by the County Fiscal Control Act, Michie's Code of 1935, sec. 1334 (15), (53), (59), (60), (66), (67), (68), (75), and defendants' demurrer to the complaint was properly overruled, Michie's Code of 1935, sec. 1334 (71).

5. **Same—Liabilities of public officer and surety on his bond may not be defeated by claim that other officer had also breached his duty.**

This action was instituted against the county accountant and the surety on his official bond for alleged wrongful approval of county vouchers by the accountant. Defendants contended that the board of county commissioners had general supervision over the county finances and that upon signature of the vouchers by the chairman of the county board, the certification of same by the accountant became a purely ministerial function. *Held:* The duties of the county accountant in certifying county vouchers is clearly set forth in the County Fiscal Control Act, which duties are special in character and are in addition to and not in substitution for the duties and functions of other county officers, and even if it be conceded that the signing of the voucher by the chairman of the board was malfeasance, defendants may not avoid liability on the ground that some other officer was guilty of negligence or malfeasance.

APPEAL by defendants from *Rousseau, J.,* at October Term, 1938, of AVERY.

Civil action to recover on bond of defendant J. D. Braswell and his surety, damages alleged to have been sustained by reason of malfeasance of county accountant of Avery County, heard upon demurrer to complaint.

The plaintiffs make substantially these allegations:

1. That plaintiff Avery County is a municipal corporation organized and existing for governmental purposes, under the laws of the State of North Carolina, and that the coplaintiffs are and constitute its board of county commissioners.

2. That on 3 December, 1934, defendant J. D. Braswell was appointed to the office of, and qualified as, and entered upon the discharge of the duties of county accountant of Avery County, to serve at the will of the board of commissioners of said county, or until the appointment of his successor; that he executed and filed a bond in the sum of five thousand dollars, payable to the State of North Carolina, with defendant American Surety Company as surety, conditioned upon the faithful performance by him of all the duties of such office; that he served as such county accountant until 1 January, 1937, at which time he was reappointed and qualified for a further period with another surety, to which the action of "State of North Carolina, on relation of Avery County *et al., v.* J. D. Braswell and the Fidelity and Casualty Company of New York," relators, *post,* 279.

3. That on 8 September, 1933, plaintiff Avery County, by and through its board of county commissioners, entered into a written contract with Bray Brothers Company, which was approved by the Local Government Commission of North Carolina, relative to the issuance of $149,000 "Avery County, North Carolina, Funding and Refunding Bonds," to be exchanged for outstanding indebtedness of said county "in the form of bonds and notes of a like or greater face amount," by the terms of which contract Bray Brothers Company, in addition to preparing a financial statement of the county and a plan for readjusting the county's indebtedness and submitting same to the bond and note holders, agreed: (1) To do, at its own expense and cost, all things necessary and required by law for the completion and approval of said bonds, for which the county agreed to pay it an amount equal to 1¼ per centum of the par value of said bonds, payable $300 in cash and the balance when the bonds are completed; and (2) To use, at its own expense and cost, its facilities and best efforts to effect an exchange and to make exchange of said bonds, through and subject to the Local Government Commission of North Carolina.

4. That Bray Brothers Company did all things necessary for the preparation of the said $149,000 Avery County, North Carolina, Funding and Refunding Bonds, which when completed and executed by Avery County were deposited with the Local Government Commission of North Carolina for the purpose of exchange as planned, for which, under the terms of said written contract, it was entitled to receive $1,862.50, that is 1¼ per cent of the par value of said bonds; and that further pursuant to provisions of the written contract, Bray Brothers Company effected the exchange and delivery of only $59,000 of said bonds for which, under the terms of said contract, it was entitled to receive the further sum of $442.50, or ¾ of 1% of the par value of the bonds so exchanged, making a total of $2,305.00 due for all services rendered under said contract.

That the remainder of the bonds have been returned to Avery County, and, by reason of expiration of time limit for delivery, are now of no value.

The complaint further alleges:

"8. That from time to time while said contract was being carried out by said Bray Brothers Company, and for sometime thereafter, claims were filed with the county accountant by C. A. Bray, for and on behalf of Bray Brothers Company, for certain amounts to apply on services rendered on said contract, which claims and vouchers were in a negligent, careless and wanton manner approved for payment by the said county accountant, and thereupon paid by the board of county commissioners, on the dates and in the amounts as follows:

| | | | | | |
|---|---|---|---|---|---|
| "1—December | 27, | 1933, | County Voucher | .............. | $300.00 |
| 2—April | 22, | 1934, | County Voucher | .............. | 500.00 |
| 3—May | 22, | 1934, | County Voucher | .............. | 800.00 |
| 4—August | 21, | 1934, | County Voucher | .............. | 800.00 |
| 5—November | 28, | 1934, | County Voucher | .............. | 500.00 |
| 6—May | 6, | 1935, | County Voucher | .............. | 500.00 |
| 7—October | 7, | 1935, | County Voucher | .............. | 500.00 |
| 8—May | 22, | 1936, | County Voucher | .............. | 500.00 |
| 9—August | 3, | 1936, | County Voucher | .............. | 600.00 |
| 10—October | 3, | 1936, | County Voucher | .............. | 700.00 |
| 11—December | 7, | 1936, | County Voucher | .............. | 700.00 |
| 12—January | 10, | 1937, | County Voucher | .............. | 200.00 |
| 13—February | 1, | 1937, | County Voucher | .............. | 902.50 |

"Making a total sum of $7,502.50, paid said Bray Brothers Company for services rendered on said contract.

"And plaintiff avers that the said amount paid by it to Bray Brothers Company being $7,502.50 was an overpayment in the sum of $5,197.50, which overpayment plaintiff alleges was wrongfully, knowingly and fraudulently collected from it, in that from time to time claims were presented purporting to be for 'part payment on services rendered,' and approved for payment by the defendant J. D. Braswell, County Accountant, which approval the plaintiff alleges was due to the careless, negligent and wanton manner and acts on the part of said County Accountant.

"9. That on the 3rd day of December, 1934, the date of the appointment of the defendant J. D. Braswell as County Accountant for Avery County, and the date on which he filed said bond for the faithful performance of the duties of said office, the plaintiff, Avery County, was

not indebted to said Bray Brothers Company in any amount whatever, for services rendered under said contract for the issuance and exchange of said Funding and Refunding Bonds, and plaintiff avers that on said date said Bray Brothers Company had been fully paid; that thereafter, and during said County Accountant's first term of office, which expired the 1st day of January, 1937, and while said bond was in full force and effect, said County Accountant carelessly, negligently and without regard to the faithful performance of the duties of his office, and the duty owed the plaintiff in passing upon claims filed against it, wrongfully, negligently and carelessly approved for payment claims filed by Bray Brothers, or by C. A. Bray on behalf of Bray Brothers Company, purporting to be for services rendered under said contract, and vouchers issued thereon, as follows:

| | | | |
|---|---|---|---|
| "May | 6, 1935, | County Voucher. ... ... .. ........ | $500.00 |
| October | 7, 1935, | County Voucher...................... | 500.00 |
| May | 22, 1936, | County Voucher...................... | 500.00 |
| August | 3, 1936, | County Voucher...................... | 600.00 |
| October | 3, 1936, | County Voucher...................... | 700.00 |
| December | 7, 1936, | County Voucher...................... | 700.00 |

$3500.00

"And the plaintiff avers that by reason of the negligent, careless and wanton acts, and by reason of the unfaithful performance of the duties of said County Accountant, said Bray Brothers Company wrongfully, knowingly and fraudulently collected from the plaintiff the sum of $3500.00, for which amount the said J. D. Braswell, County Accountant, and the defendant American Indemnity Company, surety on his bond, are liable."

Upon the allegations, plaintiffs pray judgment against J. D. Braswell in the sum of $3,500, and against defendant American Indemnity Company in penal sum of the bond to be discharged upon payment of $3,500, and for costs.

Defendants demurred to the complaint for that it fails to state facts sufficient to constitute a cause of action against them or either of them jointly or severally.

From judgment overruling the demurrer, defendants appeal to the Supreme Court and assign error.

*Charles Hughes for plaintiffs, appellees.*

*Byron E. Williams, Robertson Wall, and Harkins, Van Winkle & Walton for defendants, appellants.*

WINBORNE, J. Does the complaint state a cause of action? On this question, we are in agreement with the ruling below.

It is generally held in this jurisdiction that, by demurring, a defendant admits as true every material fact alleged in the complaint. Both the statute and our decisions require that the complaint be liberally construed and every reasonable intendment and presumption must be in favor of the pleader. The complaint must be fatally defective before it will be rejected. C. S., 535. *Ins. Co. v. McCraw, ante,* 105, 1 S. E. (2d), 369, and cases there cited.

"Every public officer is bound to perform the duties of his office faithfully, and to use reasonable skill and diligence, and to act primarily for the benefit of the public. In other words, he is bound, *virtute officii,* to bring to the discharge of his duties that prudence, caution and attention which careful men usually exercise in the management of their own affairs." 22 R. C. L., 461, Public Officers, sec. 124.

Where a public officer is required to give a bond for the faithful performance of the duties pertaining to his office, the engagement of the surety executing the bond rests on the same legal obligation as is imposed by law upon the officer himself. Whatever is a breach of the conditions of the bond as regards the officer is equally so as to the surety. A bond for the faithful performance of official duty is as binding on the principal and his sureties as if all the statutory duties of the officer were inserted in it. 22 R. C. L., 497—Public Officers, sec. 176.

The office of county accountant was created under, and the duties pertaining thereto are prescribed by and defined in the County Fiscal Control Act. Public Laws 1927, ch. 146; Michie's Code of 1935, sec. 1334 (53), *et seq.* It is required that the county accountant shall execute and file bond "conditioned for the faithful performance of his duties under this act." Michie's Code of 1935, sec. 1334 (69). It is, therefore, appropriate to advert to the provisions of that act:

The declared purpose of the Act is "to provide a uniform system for all the counties of the State by which the fiscal affairs of the counties and subdivisions thereof may be regulated, to the end that accumulated deficits may be made up, and future deficits prevented, either under the provisions of this act or under the provisions of other laws authorizing the funding of debts and deficits, and to the end that every county in the State may balance its budget and carry out its functions without incurring deficits." Section 24. Michie's Code of 1935, sec. 1334 (75). The office of county accountant with prescribed duties was created with this special purpose in view. The duties are special in character, and are additional to but not in substitution for the duties and functions of other offices pertaining to the ordinary operation of county government. *Power Co. v. Clay County,* 213 N. C., 698, 197 S. E., 603.

The County Fiscal Control Act, in providing the machinery for gathering data for the "Budget Estimate" as basis for appropriation resolution to be subsequently adopted, designates the county accountant as the moving agency, and requires that he "shall prepare (a) his estimate of the amounts necessary to be appropriated for the next ensuing fiscal year for the different objects of the county and subdivisions, listing each object of disbursement under the appropriate class of functions as defined in Section two of the Act, . . .; (b) an itemized estimate of the revenue to be available during the ensuing fiscal year . . . and (c) an estimate of the amount of unencumbered and surplus revenues of the current fiscal year in each fund . . ." Section 6. Michie's Code of 1935, sec. 1334 (57). Upon the basis of these estimates and statements submitted by the county accountant, the appropriations are made by the board of county commissioners in the month of July, by the adoption of the appropriation resolution, "the form of which shall be prescribed by the county accountant." Section 8. Michie's Code of 1935, sec. 1334 (59).

Section 9 of the act requires that a copy of this appropriation resolution shall be kept on file both by the county treasurer and by the county accountant "for their direction in the disbursement of county funds." Michie's Code of 1935, sec. 1334 (60). This resolution thereby becomes the chart for the county accountant and the county treasurer in disbursing the county's funds. (See *Sing v. Charlotte,* 213 N. C., 60, 195 S. E., 271, as applied to municipalities.)

Thus whether he be, or not be the individual county accountant who prepared the budget and appropriation resolution, the incumbent has before him at all times the information as to what is contained therein.

The act, section 15, further provides that: "No contract . . . requiring the payment of money . . . shall be made, and no warrant or order for the payment of money shall be drawn upon the treasury of the county, unless provision for the payment thereof has been made by (a) an appropriation resolution as provided by this Act . . .; nor shall such contract, agreement or requisition be made unless the unencumbered balance of such appropriation or provision remains sufficient for such payment. No contract or agreement or requisition requiring the payment of money shall be valid unless the same be in writing, and unless the same shall have printed, written, or typewritten thereon a statement signed by the county accountant, as follows: "Provision for the payment of the moneys to fall due under this agreement has been made by appropriation duly made or by bonds or notes duly authorized, as required by the 'County Fiscal Control Act.' . . . Before making such certificate, the county accountant shall ascertain that a sufficient unencumbered balance of the specific appro-

priation remains for the payment of the obligation, . . . and the appropriation or provision so made shall thereafter be deemed unencumbered by the amount to be paid on such contract or agreement until the county is discharged therefrom." Michie's Code of 1935, sec. 1334 (66). "Unencumbered balance" is defined in section 2 of the act. Michie's Code of 1935, sec. 1334 (53).

Section 16 of the act also further provides: "No claim against the county . . . shall be paid except by means of a warrant or order on the county treasurer or county depository, signed by the head of the department for which the expense was incurred, nor unless the bill or claim for which the warrant or order is given shall have been presented to and approved by the county accountant, or in case of his disapproval of such claim or bill, by the Board of County Commissioners. The Board shall not approve any claim or bill which has been disallowed by the county accountant without entering upon the minutes of the Board its reason for approving the same in such detail as may show the Board's reasons for reversing the county accountant's disallowance. No warrant or order, except (not pertinent here) . . . *shall be valid unless the same shall bear the signature of the county accountant below a statement which he shall cause to be written, printed, or typewritten thereon containing the words: 'Provision for the payment of this warrant (or order) has been made by an appropriation duly made or a bond or note duly authorized, as required by the "County Fiscal Control Act." ' "* Michie's Code of 1935, sec. 1334 (67).

By section 17 of the act the county accountant is required to keep accounts of each object of appropriation, showing "in detail the amount appropriated thereto, the amount drawn thereupon, the unpaid obligation charged against it, and the unencumbered balance to the credit thereof." Michie's Code of 1935, sec. 1334 (68).

Section 20 of the act provides: "If a county accountant shall knowingly certify any contract, agreement, or warrant in violation of the requirements of this act, or approve any fraudulent, erroneous, or otherwise invalid claim or bill, or make any statement required by this act, knowing the same to be false, or shall willfully fail to perform any duties imposed upon him by this act, he shall be guilty of a misdemeanor . . . and shall be liable on his bond for all damages caused by such violation or failure." Michie's Code of 1935, sec. 1334 (71).

While under the act the chairman of the board of county commissioners is required to sign the warrant of the character here designated as county voucher, the county treasurer is not authorized to cash same unless it bears the signature of the county accountant below the statement as therein specified. If the conditions do not admit of compliance with that requirement, it is the duty of the county accountant to dis-

approve the claim and to refuse to sign the required approval of the warrant or voucher, regardless of what may be the rights and duties of the board of county commissioners.

Defendants contend in effect that it is the duty of the board of county commissioners to exercise general supervision over the finances of the county, and that, therefore, when the chairman of that board signed a voucher payable to Bray Brothers Company, the duty of the county accountant became purely ministerial. This is not what the act prescribes. But, if it be conceded that the signing of the voucher by the chairman of the board be malfeasance in office, that would not justify the county accountant in signing the warrant in violation of law and of the duties imposed upon him by law, nor would such fact exculpate him and his surety from consequent liability. The plea of laches or wrongful acts of other officers is not available to the county accountant nor to his surety. This question has been discussed in decisions of other jurisdictions:

In *Hart v. United States,* 95 U. S., 316, 24 L. Ed., 479, the Supreme Court of the United States, speaking through *Waite, C. J.,* said: "The Government is not responsible for the laches or the wrongful acts of its officers. . . . Every surety upon an official bond to the Government is presumed to enter into his contract with a full knowledge of this principle of law, and to consent to be dealt with accordingly. The Government enters into no contract with him that its officers shall perform their duties."

In *State v. Pederson,* 135 Wis., 31, 114 N. W., 828, *Winslow, C. J.,* said: "The State is not ordinarily estopped by acts of misfeasance on the part of its officers, nor does it contract with the sureties on an official bond given to it that other public officers shall perform their public duties faithfully. Sureties upon such bonds are presumed to know this principle, and to consent to be bound by it," citing *Hart v. U. S., supra.*

In *Ramsay's Estate v. People,* 197 Ill., 572, 64 N. E., 549, 90 Am. S. R., 177, *Magruder, J.,* said: "It is also well settled that the sureties, in an action on an official bond, cannot be heard to say that some other officer has been negligent, or failed to perform some duty, and thus escape liability."

Construing the complaint liberally, as we must do, and in the light of these principles of law, we are of opinion and hold that sufficient facts are alleged to state a cause of action. The plaintiffs are entitled to an opportunity to make good, with proof, the charge of the wrong alleged.

We are not here dealing with the question of refusal, arbitrary or otherwise, of the county accountant to perform a purely ministerial duty for the requirement of which resort to *mandamus* may be had as in the cases of *Martin v. Clark,* 135 N. C., 178, 47 S. E., 397; *Audit Co. v.*

*McKensie,* 147 N. C., 461, 61 S. E., 283; *Wilson v. Holding,* 170 N. C., 352, 86 S. E., 1043; *Board of Education v. Walter,* 198 N. C., 325, 151 S. E., 718; and *Board of Education v. Burgin,* 206 N. C., 421, 174 S. E., 286, which are relied upon by the appellants. Those cases are clearly distinguishable, and are not decisive of the principles of law involved in the present action.

The judgment below is

Affirmed.