CURTIS LEE McNEILL v. MALCOLM A. MINTER

No. 7111DC464

(Filed 4 August 1971)

1. Trover and Conversion § 1— conversion defined
    Conversion is an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.

2. Trover and Conversion § 1— nonapplicability to realty
    Conversion applies only to personal property and does not apply to real property.

APPEAL by defendant from *Lyon, District Judge,* 11 January 1971 Session of LEE County District Court.

Plaintiff instituted this action to recover $650.00 in damages from defendant. Plaintiff's evidence tended to show: He signed a note and a contract to purchase a certain lot in a real estate subdivision owned by Minter Realty Company, of which defendant was an officer and shareholder. The sale of the lot was made to plaintiff by defendant, acting on behalf of the realty company. Plaintiff paid $50.00 down and his note obligating him to pay $30.00 per month was assigned to Southern National Bank; he was to receive a deed to the property at the

McNeill v. Minter

completion of the payments. Plaintiff's contract for the pur-
chase of the lot was signed by him only and was never recorded.
Over a year after this transaction, defendant, as vice president
of Minter Realty Company, negotiated a sale of the lot plaintiff
had agreed to purchase, as well as other lots in the subdivision,
to Carr Creek Estates, Inc. Acting as assistant secretary of
Minter Realty Company, defendant signed the deed transferring
the property to Carr Creek Estates, Inc. Then defendant, as
president of Carr Creek Estates, Inc., signed a deed of trust
on the lots in the subdivision from Carr Creek Estates, Inc. to
E. T. Newton and S. C. Brawley, Jr., Trustees. Plaintiff sub-
sequently discovered a house on "his" lot with people living in
it and stopped making payments to Southern National Bank.

Defendant's evidence tended to show that defendant was
acting in a corporate capacity when he engaged in the trans-
actions complained of, and that he did not receive any personal
remuneration from the transactions. Defendant has since been
adjudged a bankrupt, the discharge in bankruptcy being granted
over the objection of plaintiff.

At the conclusion of all the evidence, the trial judge made
findings of fact and conclusions of law and entered judgment in
favor of plaintiff for $650.00 plus interest. The judgment also
provided for execution against the person of defendant. Defend-
ant appealed.

*Hoyle & Hoyle by J. W. Hoyle for plaintiff appellee.*

*Cameron & Harrington by J. Allen Harrington (by brief)
for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the conclusion of law of the
trial judge that "[t]he plaintiff was damaged by defendant's
deceit and conversion of real property to the extent and in the
amount of $650.00, with six (6%) percent interest thereon
from June 25, 1968." The assignment of error must be sustained.

[1, 2] "Conversion" is defined as "an unauthorized assumption
and exercise of the right of ownership over *goods* or *personal
chattels* belonging to another, to the alteration of their condition
or the exclusion of an owner's rights." (Emphasis ours.) *Wall
v. Colvard, Inc.,* 268 N.C. 43, 149 S.E. 2d 559 (1966) ; *Peed v.*

*Burleson's, Inc.,* 244 N.C. 437, 94 S.E. 2d 351 (1956) ; 89 C.J.S., Trover & Conversion, § 1, p. 531 (1955). While there appears to be no North Carolina case that expressly so holds, the language quoted above indicates that conversion applies only to goods and personal property and does not apply to real property. Other jurisdictions have expressed this view. See *Graner v. Hogsett,* 84 Cal. App. 2d 657, 191 P. 2d 497 (1948) and *Eadus v. Hunter,* 268 Mich. 233, 256 N.W. 323 (1934). C.J.S. states: "An action of trover lies only for the conversion of personal chattels. Such action does not lie for a wrongful deprivation of, or for injuries to, land or other real property . . . . " 89 C.J.S., Trover & Conversion, § 11, p. 538 (1955).

As the trial judge erroneously concluded that there was a conversion of real property, the judgment based upon that conclusion is

Reversed.

Judges MORRIS and PARKER concur.