OLA DEESE CALDWELL v. DAVIS W. DEESE

No. 7526SC254

(Filed 2 July 1975)

**Automobiles § 64— bus driver striking dog — sufficiency of complaint**

In an action to recover damages allegedly resulting from defendant's negligent operation of a bus, plaintiff's complaint was sufficient to state a claim upon which relief could be granted where plaintiff alleged that defendant bus driver failed to reduce his speed and take evasive action when he saw or should have seen a large group of children and plaintiff's dog approaching the street, defendant hit the dog but did not stop, the dog bit plaintiff and caused her severe injury when she tried to separate the dog and the children, and plaintiff incurred $25,000 in damages as a proximate result of defendant's negligence in operating the bus.

Chief Judge Brock dissenting.

Appeal by plaintiff from *Hasty, Judge.* Judgment entered 12 February 1975 in Superior Court, Mecklenburg County. Heard in the Court of Appeals 28 May 1975.

This is a civil action wherein the plaintiff, Ola Deese Caldwell, seeks $25,000 damages from the defendant, Davis W. Deese, allegedly resulting from the defendant's negligent operation of a bus on the public streets of the City of Charlotte.

The allegations of plaintiff's complaint, except where quoted, are summarized as follows: At 4:00 p.m. on 10 February 1974, approximately twelve small children ran out of the front door of plaintiff's house, which is located at 2001 Stratford Avenue in Charlotte, permitting plaintiff's dog to come out of the house with them. At this time plaintiff was standing in her front yard near the street talking with a friend. As the children and the dog ran across the yard toward the street, the defendant "came driving along the street in the direction of the Plaintiff's home, operating the bus belonging to New Hope Baptist Church, and saw or should have seen the large number of children and the dog approaching the curb as if to enter the street." Notwithstanding the presence of the children and the dog, the "Defendant continued to drive the bus in the general direction which he was heading along the street, and struck and ran over . . ." the plaintiff's dog. The defendant "then continued along the street without stopping, although he knew or should have known that he had struck plaintiff's dog." Plain-

tiff's dog was severely injured, and "the group of children immediately gathered around the dog to investigate." Fearing for the safety of the children and for the injured dog, the plaintiff "attempted to separate the dog and the children. Plaintiff's dog, in great pain and in a state of confusion, bit Plaintiff on the hand, causing her severe injuries."

Plaintiff alleged that the defendant was negligent in that:

"(a) The Defendant failed to keep his bus under proper control;

(b) The Defendant failed to reduce his speed in order to avoid a hazard in the street, in violation of Section 20-141 of the General Statutes of North Carolina;

(c) The Defendant failed to take evasive action when he knew or should have known in the exercise of due care that a large group of children and a dog at or approaching the side of the street was potentially dangerous, and when he knew or should have known that prudence required that he avoid the hazard;

(d) The Defendant operated his vehicle at a speed greater than was reasonable and prudent under the circumstances then existing, in violation of Section 20-141 of the General Statutes of North Carolina;

(e) The Defendant failed to sound his horn upon seeing a group of children and a dog at the side of the road, when he knew or in the exercise of due care should have known that an audible warning of his approach might prevent a collision;

(f) The Defendant failed to stop his vehicle after running over the Plaintiff's dog, when he knew or in the exercise of due care should have known that his striking the dog with his bus would create a hazardous condition by leaving an injured and confused dog in the presence of other people, a dangerous situation he had already created, and had a duty to mitigate."

Plaintiff further alleged that as a proximate result of the defendant's negligence in the operation of the bus she had incurred damages in the amount of $25,000. These damages included loss of wages, medical expenses, and pain and suffering resulting from severe, permanent, unsightly, and painful injur-

ies to her hand. She also incurred "substantial" expense in the care and treatment of her injured dog.

The defendant filed answer and (1) moved to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted, (2) denied the allegations of negligence and proximate cause, and (3) alleged contributory negligence upon the part of the plaintiff.

On 30 October 1974 the defendant moved for summary judgment and supported his motion with a deposition of the plaintiff, which reiterated in more or less detail the allegations of the complaint. On 12 February 1975 the trial court made the following findings:

"2. That the Court considering all that is before it in the light most favorable to the plaintiff finds that there is an insufficiency of facts to establish actionable negligence on the part of the defendant and even if there were such facts in evidence the facts would also establish contributory negligence on the part of the plaintiff, as a matter of law;

3. That the Court is of the opinion that considering all of the evidence, most favorable to the plaintiff, that the plaintiff fails to show any proximate cause for any alleged injuries and damages sustained by her.

4. That the Court is of the opinion that if all the facts most favorable to the plaintiff in the record before the Court were presented by the plaintiff in a trial that the defendant would be entitled to a directed verdict and the Court therefore concludes that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law;"

From entry of summary judgment for defendant, plaintiff appealed.

*Mraz, Aycock, Casstevens & Davis by Frank B. Aycock III for plaintiff appellant.*

*Myers & Collie by George C. Collie and Charles T. Myers for defendant appellee.*

HEDRICK, Judge.

The sole question for resolution on this appeal is whether the trial court erred in allowing defendant's motion for summary judgment.

Although the trial judge in entering summary judgment for the defendant declared in the language of Rule 56 that there were no genuine issues of material fact, the findings made by him (findings being unnecessary in passing on a motion for summary judgment, *Wall v. Wall*, 24 N.C. App. 725, 212 S.E. 2d 238 (1975), cert. denied 287 N.C. 264, 214 S.E. 2d 437 (1975)) indicate that the court felt that the plaintiff's complaint failed to state a claim upon which relief could be granted. It may be helpful, therefore, to repeat the rule regarding the sufficiency of the allegations in a complaint to state a claim for relief. A complaint fails to state a claim upon which relief can be granted " 'if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some facts which will necessarily defeat the claim.' But a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.* Pleadings are to be liberally construed. Mere vagueness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for a more definite statement." 2A Moore's Federal Practice § 12.08 (1974). Accord, *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). Viewing plaintiff's complaint in the light of the foregoing principles, we think it is sufficient to state a claim for relief for damages allegedly resulting from the defendant's negligent operation of the bus. *Sutton v. Duke, supra.*

The answer filed by the defendant denying negligence and pleading contributory negligence creates genuine issues of material fact as to whether any damages suffered by plaintiff were proximately caused by the negligence of the defendant as alleged in the complaint. These issues must be determined at trial unless the defendant, the party moving for summary judgment, carries his burden of producing evidence of the necessary certitude to negative plaintiff's claim in its entirety and thereby demonstrates a lack of genuine issues of material fact. G.S. 1A-1, Rule 56, Rules of Civil Procedure; *Sanders v. Davis*, 25 N.C. App. 186, 212 S.E. 2d 554 (1975); *Whitley v. Cubberly*, 24 N.C. App. 204, 210 S.E. 2d 289 (1974); *Tolbert v. Tea Co.*, 22 N.C. App. 491, 206 S.E. 2d 816 (1974). If the defendant produces such evidence, the plaintiff may not rest upon the mere allegations of her complaint but must respond with affidavits or

Caldwell v. Deese

other evidentiary matter which sets forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

In the instant case the only evidentiary matter filed by the defendant in support of his motion was the deposition of the plaintiff wherein she merely reiterated the allegations in her complaint. This deposition does not negate plaintiff's claim in its entirety. Thus, there are genuine issues of material fact to be determined at trial, where the burden will be on the plaintiff to produce whatever evidence she can in support of the allegations in the complaint. Then and then only can the court test and determine the sufficiency of such evidence. At the present stage of the proceedings, the court can only test the sufficiency of the record to support summary judgment for the defendant.

Since the record here consists only of a complaint sufficient to state a claim upon which relief could be granted, an answer denying the material allegations of the complaint and pleading contributory negligence, and plaintiff's deposition which reiterates the allegations of the complaint, summary judgment for defendant was inappropriate.

Reversed and remanded.

Judge PARKER concurs.

Chief Judge BROCK dissents.

Chief Judge BROCK dissenting.

Defendant's motion for summary judgment is based in part upon his earlier Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The trial judge ruled upon the motion to dismiss and treated it as a motion for summary judgment, as is permitted under Rule 12(b). Upon this view of the trial court's ruling, I would affirm in part and reverse in part.

In my opinion the factual allegations by the plaintiff and her testimony by deposition disclose, as a matter of law, that the negligence of defendant, if any, was not a proximate cause of the injury to plaintiff's hand. Therefore, there is an absence of law to support her claim for damages to her hand. To this extent, I vote to affirm the dismissal of her action.

I vote to reverse the dismissal of plaintiff's action insofar as it relates to her claim for damages to her property (her dog).