TALTON JR. GALLIMORE v. FRED C. SINK, Sheriff, Davidson
County, Lexington, N. C., and JIMMY VARNER, Manager, David-
son County, Lexington, N. C., as individuals and TRAVELERS
INDEMNITY COMPANY, Additional Defendant

No. 7522DC333

(Filed 17 September 1975)

1. **Rules of Civil Procedure § 8— failure to state claim for relief**

A complaint should not be dismissed for failure to state a claim
upon which relief can be granted unless it appears beyond doubt that
the plaintiff can prove no set of facts in support of his claim which
would entitle him to relief.

2. **Trover and Conversion § 1— conversion defined**

Conversion is the unauthorized assumption and exercise of the
right of ownership over goods or personal chattels belonging to another,
to the alteration of their condition or the exclusion of an owner's rights.

3. **Trover and Conversion § 2— money and pistol taken from prisoner —
transfer to county general fund, SBI — conversion — sufficiency of
complaint**

Plaintiff's complaint is sufficient to state a claim for damages
for wrongful conversion of silver dollars and a pistol by a sheriff and
a county manager where it alleges that plaintiff is the owner of the
silver dollars and pistol, that the sheriff seized the silver dollars and
pistol when plaintiff was placed in the county jail, that while plaintiff
was serving a prison sentence the sheriff and county manager trans-
ferred the silver dollars to the county general fund and the sheriff
transferred the pistol to the SBI, that the property was not connected
with any crime and that plaintiff had demanded and had been refused
the return of his property.

4. **Trover and Conversion § 1; Sheriff and Constables § 4— conversion —
liability of sheriff**

Sheriffs in this State can be held liable for conversion.

APPEAL by plaintiff from *Hughes, Judge.* Judgment entered
30 November 1974 in District Court, DAVIDSON County. Heard
in the Court of Appeals 26 August 1975.

This is a civil action wherein the plaintiff, Talton Jr. Galli-
more, seeks to recover damages from the defendants, Fred C.
Sink, Sheriff of Davidson County, and Jimmy Varner, County
Manager of Davidson County, for the alleged wrongful con-
version of 412 U. S. silver dollars and a Colt pistol, and from
defendant, Travelers Indemnity Company as surety on the de-
fendants' official bonds.

The allegations of plaintiff's complaint are summarized as
follows: On 1 January 1967 the plaintiff was arrested in South

---

Gallimore v. Sink

---

Carolina on charges arising out of illegal activity in North Carolina. At the time of his arrest he had in his possession and was the rightful owner of 412 U. S. silver dollars and a Colt pistol. Subsequently, the plaintiff was returned to North Carolina to the Davidson County jail and the silver dollars and pistol were seized by the defendant Sheriff. In July 1969 while plaintiff was serving a prison sentence in North Carolina, Sheriff Sink turned over the silver dollars to the defendant Varner, who thereafter turned them over to the Davidson County General Fund. Sheriff Sink turned over the pistol to the State Bureau of Investigation.

The plaintiff has repeatedly demanded the return of his property from the defendants Sink and Varner and their subordinates but the defendants have refused to return the property to him. The plaintiff alleges that the transfers of the silver dollars and pistol were contrary to his rightful ownership of the property and, therefore, the transfers constituted a wrongful conversion. Plaintiff seeks $1,298.50 in damages representing the reasonable value of the property.

From an order granting the motion of the defendants to dismiss plaintiff's action for failure to state a claim upon which relief could be granted, plaintiff appealed.

*Lambeth, McMillan & Weldon by Charles F. Lambeth, Jr. for plaintiff appellant.*

*DeLapp, Hedrick and Harp by Robert C. Hedrick for defendant appellees Sink and Varner.*

*Walser, Brinkley, Walser and McGirt by Walter F. Brinkley for defendant appellee Travelers Indemnity Company.*

HEDRICK, Judge.

The one question for resolution on this appeal is whether the allegations of plaintiff's complaint are sufficient to state a claim upon which relief can be granted.

[1] In North Carolina a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law

to support a claim, or in the disclosure of some fact which will necessarily defeat the claim. But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Pleadings are to be liberally construed. Mere vagueness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for a more definite statement. *Sutton v. Duke,* 277 N.C. 94, 102-103, 176 S.E. 2d 161, 166-67 (1970) ; *Caldwell v. Deese,* 26 N.C. App. 435, 216 S.E. 2d 452 (1975).

[2] Conversion is defined as "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Wall v. Colvard, Inc.,* 268 N.C. 43, 149 S.E. 2d 559 (1966) ; *McNeill v. Minter,* 12 N.C. App. 144, 182 S.E. 2d 647 (1971). *Accord Peed v. Burleson's, Inc.,* 244 N.C. 437, 94 S.E. 2d 351 (1956). "The essence of conversion is not the acquisition of property by the wrongdoer, but a wrongful deprivation of it to the owner . . . and in consequence it is of no importance what subsequent application was made of the converted property, or that defendant derived no benefit from the act." 89 C.J.S., Trover and Conversion § 3, pp. 533-34. "[T]he general rule is that there is no conversion until some act is done which is a denial or violation of the plaintiff's dominion over or rights in the property." 18 Am. Jur. 2d, Conversion, § 1, p. 158. It is clear then that two essential elements are necessary in a complaint for conversion—there must be ownership in the plaintiff and a wrongful conversion by defendant. *Wall v. Colvard, Inc., supra; Vinson v. Knight,* 137 N.C. 408, 49 S.E. 891 (1905).

[3] Assuming the truth of the allegations in his complaint, plaintiff has alleged ownership of the silver dollars and pistol. With respect to whether there was a wrongful conversion, plaintiff alleged that the Sheriff took possession of the property; that the Sheriff and defendant Varner transferred the silver dollars to the County General Fund; and that Sheriff Sink transferred the pistol to the SBI. He also alleged that the property was in no way connected with any crime and that he had demanded the return of his property which demands had been wrongfully refused.

[4] Sheriffs in North Carolina can be held liable for conversion. *See Mica Industries, Inc. v. Penland,* 249 N.C. 602, 107

S.E. 2d 120 (1959). Public officials enjoy no special immunity for unauthorized acts, or acts outside their official duty. *Nelson v. Comer,* 21 N.C. App. 636, 205 S.E. 2d 537 (1974); *Gurganious v. Simpson,* 213 N.C. 613, 197 S.E. 163 (1938); *Avery County v. Braswell,* 215 N.C. 270, 1 S.E. 2d 864 (1939). Whether the acts of the defendants in the case were consistent with their authority as defendants contend is an affirmative defense. The complaint does not disclose such an " . . . unconditional affirmative defense which [would defeat] the claim asserted or [plead] facts which deny the right to any relief on the alleged claim. . . . " *Sutton v. Duke, supra* at 102.

Therefore, construing the allegations of plaintiff's complaint in light of the foregoing principles of substance and procedure, we are of the opinion that plaintiff's complaint is sufficient to state a claim for damages for wrongful conversion of his silver dollars and the pistol.

Judgment appealed from is reversed.

Reversed.

Judges BRITT and MARTIN concur.