SOLOANA B. INGRAM, ADMINISTRATRIX OF THE ESTATE OF IVAN L. INGRAM, APPELLANT V. VINCENT KERR, INDIVIDUALLY AND AS A POLICE OFFICER OF THE CITY OF RALEIGH, APPELLEE

No. COA94-715

(Filed 17 October 1995)

**Sheriffs, Police, and Other Law Enforcement Officers § 21 (NCI4th)— bystander shot by police—official capacity claim properly dismissed—individual capacity claim improperly dismissed**

In plaintiff's wrongful death action against defendant police officer in his official and individual capacities, the trial court properly dismissed the official capacity claim, since plaintiff did

INGRAM v. KERR

[120 N.C. App. 493 (1995)]

not allege a waiver of immunity by the purchase of insurance; however, the trial court erred in dismissing plaintiff's claim against defendant in his individual capacity where plaintiff alleged that defendant's actions in shooting an innocent bystander at a drug bust before determining whether the victim was armed or a threat were intentional and reckless and outside the scope of his duties.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90-180.**

Appeal by plaintiff from order entered 16 May 1994 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 22 March 1995.

*Geoffrey H. Simmons for plaintiff appellant.*

*Bailey & Dixon, L.L.P., by Gary S. Parsons and Patricia P. Kerner, for defendant appellee.*

COZORT, Judge.

Ivan Ingram was shot and killed during a drug bust in the City of Raleigh on 8 November 1991. His estate sued the officer who fired the fatal shot, alleging that the officer intentionally and recklessly shot Ingram, an unarmed and innocent bystander, in a willful, wanton and grossly negligent fashion, inconsistent with his training, by shooting Ingram before ascertaining whether he was armed. The trial court granted the defendant officer's motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff appeals. We affirm the trial court's dismissal of the complaint against the officer in his official capacity. We hold the complaint alleged facts sufficient to withstand dismissal for failure to state a claim as to the officer's individual capacity. We reverse and remand for further proceedings on that claim.

This action began on 6 November 1992 when plaintiff Soloana B. Ingram, Administratrix of the Estate of Ivan L. Ingram, commenced a wrongful death action against Officer Vincent Kerr, Chief of Police Frederick K. Heineman, and the City of Raleigh. On 11 January 1993, the City of Raleigh and Chief Heineman filed a motion to dismiss for failure to state a claim upon which relief could be granted. Plaintiff filed a voluntary dismissal without prejudice of her claims against the City of Raleigh and Chief Heineman on 24 March 1993 and against defendant on 29 March 1993.

**INGRAM v. KERR**

[120 N.C. App. 493 (1995)]

Plaintiff commenced the present wrongful death action ·against Vincent Kerr in his official and individual capacities on 4 February 1994 seeking compensatory and punitive damages. Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. Judge Orlando F. Hudson heard this motion in Wake County Superior Court on 16 May 1994. Judge Hudson granted defendant's motion to dismiss. Plaintiff appealed.

Our standard of review is:

> In North Carolina a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim, or in the disclosure of some fact which will necessarily defeat the claim. But a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Pleadings are to be liberally construed. Mere vagueness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for a more definite statement. *Sutton v. Duke*, 277 N.C. 94, 102-103, 176 S.E.2d 161, 166-67 (1970); *Caldwell v. Deese*, 26 N.C. App. 435, 216 S.E.2d 452 (1975).

*Gallimore v. Sink*, 27 N.C. App. 65, 66-67, 218 S.E.2d 181, 182-83 (1975).

Plaintiff contends the complaint adequately stated a claim against defendant Kerr in both his official capacity and his individual capacity. We shall address the official capacity claim first.

> Under the doctrine of governmental immunity, a municipality and its officers or employees sued in their official capacities are immune from suit for torts committed while the officers or employees are performing a governmental function. A police officer in the performance of his duties is engaged in a governmental function. A city can waive its immunity, however, by purchasing liability insurance. Immunity is waived only to the extent that the city is indemnified by the insurance contract from liability for the acts alleged. If the plaintiff does not allege a waiver of immunity

by the purchase of insurance, the plaintiff has failed to state a claim against the governmental unit or the officer or employee.

*Mullins v. Friend*, 116 N.C. App. 676, 680-81, 449 S.E.2d 227, 230 (1994) (citations omitted).

In the case below, plaintiff did not allege a waiver of immunity by the purchase of insurance. Plaintiff has thus failed to state a claim against the officer in his official capacity, and the trial court correctly dismissed the official capacity claim.

We now turn to the plaintiff's argument that the complaint adequately alleged a cause of action against Officer Kerr in his individual capacity. Plaintiff alleged, among other things:

6. Officer Kerr, who was on the right side of the house with a 12 gauge shotgun while covering the perimeter, arrived at the house between 6:30 and 6:31 p.m. Officer Kerr shot Ivan Ingram within one second or less after getting out of his car. He then proceeded to radio EMS at 6:31 p.m.

7. Ivan Ingram never had a chance to explain why he was on Carver Street and that he had no knowledge of what was taking place or why the police were present. Officer Kerr ordered Ivan Ingram to show him his hands and when Ivan Ingram displayed his hands, Vincent Kerr intentionally and recklessly shot him to death.

8. Officer Kerr never saw Ivan Ingram with a weapon, never saw him committing any criminal violations, never saw him threatening the life of another officer.

9. Officer Kerr stated he shot Ivan Ingram because Ivan would not show him his hands when Kerr made that command. Ivan Ingram displayed his hands as quickly as he could before he was shot.

10. Officer Kerr shot Ivan Ingram at the front right side of the 314 Carver Street house. There was a porch light on as well as a street light across from the 314 Carver Street address. Officer Kerr saw Ingram, a black man who had on a dark leather coat and dark baseball cap, the same as Christopher Davis. Officer Kerr had received information prior to the police drive-by raid that drug dealers would be armed.

11. Officer Kerr intentionally shot and killed Ivan Ingram with reckless disregard for Ivan Ingram's life, assuming that Ivan Ingram was a dealer with a weapon, and in a willful and wanton manner and in a grossly negligent fashion. His actions were unreasonable and inconsistent with his training.

12. Officer Kerr acted maliciously and arbitrarily and used unnecessary force to discharge his duties.

13. Ivan Ingram was unarmed and was not involved in any criminal activity.

Plaintiff contends these allegations are sufficient to withstand defendant's motion to dismiss because they show more than mere negligence by defendant Kerr. Plaintiff contends these allegations show a malicious and intentional shooting of an unarmed innocent bystander which constitutes behavior outside the scope of the officer's official duties. Defendant contends these allegations show no more than a negligent mistake in judgment by an officer confronting a dangerous situation. At this stage of the pleadings, on a motion to dismiss wherein we are to liberally construe all allegations of plaintiff's complaint as true, we find plaintiff's argument more persuasive.

In *Gallimore v. Sink*, we held that "[p]ublic officials enjoy no special immunity for unauthorized acts, or acts outside their official duty. *Whether the acts of the defendants in the case were consistent with their authority as defendants contend is an affirmative defense.*" *Gallimore*, 27 N.C. App. at 68, 218 S.E.2d at 183 (citations omitted) (emphasis added).

Our reasoning in *Gallimore* applies here. The allegations of plaintiff below do not lead to only one conclusion, as defendant contends, that defendant merely made an error in judgment in shooting Ivan Ingram. Rather, taken in the light most favorable to plaintiff, the plaintiff's allegations contend defendant shot Ingram without ascertaining whether he was armed or a threat. Defendant's argument that an officer will now be subject to suit for every mistake in judgment is unfounded. We create no new cause of action in that regard. If discovery leads to uncontroverted evidence that Officer Kerr's actions were a mere mistake or a negligent mistake in the exercise of his judgment, then defendant Kerr will be entitled to judgment at that point. At this stage of the pleadings, however, where plaintiff has alleged that Officer Kerr's actions were intentional and reckless before ascertaining whether Ivan Ingram was armed, and outside the

scope of his duties, we cannot say that plaintiff has not stated a cause of action.

In sum, we affirm the dismissal of the official capacity claim. The trial court's dismissal of plaintiff's claim against defendant in his individual capacity is reversed, and the cause is remanded to superior court for further proceedings.

Affirmed in part, reversed in part, and remanded.

Judges JOHNSON and McGEE concur.