**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2449**

FFP HOLDINGS LLC,

                Plaintiff – Appellant,

        v.

VITAFOAM INCORPORATED; BRITISH VITA UNLIMITED,

                Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:12-cv-00105-MR-DLH)

Submitted:  May 29, 2014                 Decided:  June 24, 2014

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Bradley R. Love, Joseph Wendt, BARNES & THORNBURG, LLP, Indianapolis, Indiana; Frederick S. Barbour, CLONINGER BARBOUR SEARSON & JONES, PLLC, Asheville, North Carolina, for Appellant. A. Ward McKeithen, Everett J. Bowman, Lawrence C. Moore, III, ROBINSON BRADSHAW & HINSON, PA, Charlotte, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

FFP Holdings, LLC appeals the district court's order granting the Appellees' motion for summary judgment on FFP's complaint for breach of contract, conversion, and declaratory judgment. In the complaint, FFP alleged that pursuant to two asset purchase agreements with Vitafoam, FFP acquired an antitrust claim based on a price fixing scheme orchestrated by chemical manufacturers.

We review de novo a district court's order granting summary judgment. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). Summary judgment should be granted "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment" is proper. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

"To succeed on a breach of contract claim, the plaintiff must prove by a preponderance of the evidence that a legally enforceable obligation existed between it and the defendant; that the defendant breached that obligation; and that

2

the plaintiff incurred damages as a result of the breach." Cent. Tel. Co. of Va. v. Sprint Commc'n Co. of Va., 715 F.3d 501, 517 (4th Cir. 2013) (citations omitted) (analyzing Virginia and North Carolina contract law). "[W]e interpret a contract as written and, when its terms are clear and unambiguous, we construe the contract according to its plain meaning." Id. (internal quotation marks and citations omitted).

We have thoroughly reviewed the record and conclude that, although the district court did not cite the applicable provision in the asset purchase agreements, the court did not err in concluding that FFP did not acquire the antitrust claim in those agreements. See Eisenberg v. Wachovia Bank, N.A., 301 F.3d 220, 222 (4th Cir. 2002) (we may "affirm on any basis fairly supported by the record"). The antitrust claim did not fall within the assets transferred because, under the the plain meaning of the asset purchase agreements, the claim did not relate exclusively to the "business" acquired by FFP. Additionally, because FFP did not acquire the claim in the purchase agreements, its claim for conversion fails as a matter of law. See Gallimore v. Sink, 218 S.E.2d 181, 183 (N.C. Ct. App. 1975) (plaintiff must demonstrate ownership of property and a wrongful conversion of that property by the defendant for conversion claim under North Carolina law).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in the decisional process.

<u>AFFIRMED</u>