Horace WILKINS, Appellant,

v.

Gordon Lee WHITAKER, Detective, H.P.P.D.; John Faircloth, Chief of Police, H.P.P.D., Appellees.

No. 80–6577.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 14, 1983.

Decided Aug. 4, 1983.

---

Edwin C. Walker, Durham, N.C., for appellant.

Robin L. Winslow, Liberty, N.C. (Knox Walker, High Point, N.C., Michael R. Smith, Chapel Hill, N.C., on brief), for appellees.

Before WINTER, Chief Judge, WIDENER, Circuit Judge, and FIELD, Senior Circuit Judge.

WIDENER, Circuit Judge:

Horace Wilkins brought this action under 42 U.S.C. § 1983 against Detective Gordon Whitaker and Chief John Faircloth of the High Point, North Carolina Police Department. Wilkins alleged that Detective Whitaker unlawfully searched his car and removed property from it which was never returned. Chief Faircloth was sued on a theory of respondeat superior. The district court granted summary judgment for the defendants, and we affirm.

In the early morning of March 11, 1978, Officer Powell of the High Point Police Department received a radio message directing him to the Emergency Room of the High Point Memorial Hospital to investigate an apparent shooting. When Powell arrived, he found the plaintiff's car parked by the Emergency Room door. Miriam Wilkins, the plaintiff's wife, lay dead on the front seat.

Soon afterwards, Detective Whitaker arrived at the hospital. In his affidavit, Whitaker testified that he saw a television set, a plastic basket, and two green bags containing wet clothes, a shotgun, and a box of soap in the car. Officer Powell, who conducted an inventory search at the hospital, stated in his affidavit that he had seen these things. The police impounded the car and its contents, and stored the television set in a property room from whence the plaintiff could obtain it by court order.

Later in the day, March 11, Detective Whitaker arrested the plaintiff and charged him with the second-degree murder of his wife. Two days later, Detective Whitaker entered the plaintiff's car and removed the bags and the basket of clothes. He gave them to Minnie Oglesby, the plaintiff's sister, and to Nancy Huskey, a relative of the plaintiff's wife. Detective Whitaker re-

ceived a signed receipt from the two women. Detective Whitaker claims he acted at the plaintiff's request in so doing. Wilkins claims that Whitaker never had his permission to search his car and remove and dispose of his property. In the district court, Wilkins sued for damages for the defendants' unlawful search of his car, and the removal of and failure to return his property, which he values at $3,053.00. The plaintiff claims there were other items of personal property and money in the car than those listed by the officers in their various affidavits.

■ At the outset, we note that the summary judgment in favor of Police Chief Faircloth was correct. Wilkins has not alleged that Faircloth had any personal involvement in the search of his car or in the removal and disposition of his property. Accordingly, the action against Faircloth must fail as a matter of law. *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir.1977).

■ Equally without merit is the plaintiff's contention that his rights under the Fourth Amendment were violated by Detective Whitaker's entering his car and removing his personal property. Even if Wilkins did not give his permission for this alleged search, Whitaker would have been acting lawfully. Wilkins has not claimed that Whitaker's return to the car was a pretext for a renewed investigation. See *South Dakota v. Opperman,* 428 U.S. 364, 375–76, 96 S.Ct. 3092, 3100, 49 L.Ed.2d 1000 (1976). Moreover, in returning to search the car, two days after it was impounded and its contents were inventoried, Detective Whitaker was doing no more than he lawfully could have done two days earlier. *See United States v. Edwards,* 415 U.S. 800, 807, 94 S.Ct. 1234, 1239, 39 L.Ed. 771 (1974); *United States v. Jenkins,* 496 F.2d 57, 73 (2d Cir.1974), *cert. denied sub nom. Hall v. United States,* 420 U.S. 925, 95 S.Ct. 1119, 43 L.Ed.2d 394 (1975).

The real essence of the plaintiff's complaint is that he has been deprived of his property without due process of law. The district court granted summary judgment for Whitaker because it concluded that, at most, he had acted negligently in giving the plaintiff's property to Minnie Oglesby and Nancy Huskey, and that such negligence was insufficient under § 1983 to state a cause of action. Assuming that the district court's conclusion was incorrect, we note nevertheless that this case falls within the rule of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 42 (1981), and must be decided on its authority.

In *Parratt,* the Supreme Court held that a state official's random and unauthorized negligent act causing the loss of a prisoner's property is not a violation of due process when the state provides postdeprivation remedy. 451 U.S. at 543, 101 S.Ct. at 1916. We have construed *Parratt* to include the intentional destruction of a prisoner's property by a random, unauthorized act. *Palmer v. Hudson,* 697 F.2d 1220 at 1223 (4th Cir., 1983). Whether Detective Whitaker deprived Wilkins of his property intentionally, as Wilkins alleges, or negligently, as the district court concluded, *Palmer* and *Parratt* control the outcome of this case for Whitaker's action was a random, unauthorized action with which *Parratt* and *Palmer* dealt. In either case, a postdeprivation remedy satisfies due process.

■ As a prisoner in North Carolina, under a sentence for a criminal offense, Wilkins suffers no disability preventing him from bringing a postdeprivation action for conversion in the courts of North Carolina. N.C.Gen.Stat. § 1–17 (Cum.Supp.1981). Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property. *Gallimore v. Sink,* 27 N.C.App. 65, 67, 218 S.E.2d 181, 182 (1975). The deprivation of the plaintiff's property need not result in the defendant's acquiring the property. Any exercise of the right of ownership to the exclusion of the owner's rights would be actionable under North Carolina law. *Id.* Furthermore, public officials have no special immunity for acts that are unauthorized or outside their official duty. *Id.* We thus conclude that under North Carolina law the plaintiff had an opportunity to be

heard at a meaningful time in a meaningful manner which satisfies the requirements of due process under *Parratt.* *Sheppard v. Moore,* 514 F.Supp. 1372, 1376–77 (M.D.N.C. 1981) so holds, and we agree.

█ Accordingly, the judgment of the district court is

AFFIRMED.[1]

---

1. At argument, Wilkins contended that North Carolina's procedure for indigent plaintiffs was constitutionally infirm on several grounds. Wilkins, however, does not allege that he had applied for pauper status under North Carolina law. Our consideration of his contentions would, therefore, be premature. *Socialist La-* *bor Party v. Gilligan,* 406 U.S. 583, 588–89, 92 S.Ct. 1716, 1719, 32 L.Ed.2d 317 (1972). Additionally, matters not raised in the district court, as this one was not, are not ordinarily considered by us on appeal. *McGowan v. Gillenwater,* 429 F.2d 586 (4th Cir.1970).