[No. A029109. First Dist., Div. Five. Mar. 26, 1985.]

FREDERIC HANDSCHUH, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
SAMUEL OSBORNE et al., Real Parties in Interest.

COUNSEL

Thomas Steel for Petitioner.

George Agnost, City Attorney, John A. Etchevers and Gwendolyn K. Yee, Deputy City Attorneys, for Respondent and Real Parties in Interest.

## OPINION

**HANING, J.**—Petitioner Frederic Handschuh seeks review by prohibition or mandate of respondent court's order granting summary adjudication of issues in his cause of action against real parties Osborne and other San Francisco police officers for seizure and loss of his property and violation of his civil rights arising out of the execution of a search warrant. Respondent court's order bars petitioner's cause of action under the federal Civil Rights Act, Title 42, United States Code section 1983.[1] We previously granted a stay of proceedings below, and now grant relief.

Real parties entered petitioner's residence pursuant to a search warrant and seized a number of articles of personal property which were not de-

---

[1]Unless otherwise indicated, all further statutory references are to Title 42, United States Code section 1983.

scribed in the warrant. It is conceded that the articles taken were not contraband or otherwise subject to seizure. Charges were brought against petitioner, but subsequently dismissed. Petitioner demanded return of the seized items, but was told they had been lost, destroyed or sold at auction. He then brought this action against real parties and the City and County of San Francisco for conversion, and against real parties under section 1983 for the initial seizure.

Real parties successfully moved for summary adjudication that petitioner could not state a claim under section 1983, and upon petitioner's initial request for relief from this court we granted a stay of proceedings pending our decision.

Section 1983 provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

"[O]ne reason the legislation was passed was to afford a federal right in federal courts because, by reason of prejudice, passion, neglect, intolerance or otherwise, state laws might not be enforced and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the state agencies." (*Monroe* v. *Pape* (1961) 365 U.S. 167, 180 [5 L.Ed.2d 492, 501, 81 S.Ct. 473].) ■ In addition, a section 1983 action may be brought in state court (*Brown* v. *Pitchess* (1975) 13 Cal.3d 518, 520-523 [119 Cal.Rptr. 204, 531 P.2d 772]; *Wolf-Lillie* v. *Sonquist* (7th Cir. 1983) 699 F.2d 864, 872) and, in general, "[i]t is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." (*Monroe* v. *Pape, supra,* at p. 183 [5 L.Ed.2d at p. 503].) ■ There are "two essential elements" of a section 1983 action: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." (*Parratt* v. *Taylor* (1981) 451 U.S. 527, 535 [68 L.Ed.2d 420, 428, 101 S.Ct. 1908].)

■ Real parties' theory, apparently the basis for respondent court's ruling, is that because petitioner has a presumably adequate remedy through his cause of action for conversion for loss of his property, he cannot demonstrate a deprivation of due process of law sufficient to establish the second

element of his cause of action under section 1983. Real parties rely on *Parratt* v. *Taylor, supra,* 451 U.S. 527, *Hudson* v. *Palmer* (1984) 468 U.S. 517 [82 L.Ed.2d 393, 104 S.Ct. 3194] and similar decisions in lower courts, such as *Wilkins* v. *Whitaker* (4th Cir. 1983) 714 F.2d 4. In substance, they argue that petitioner's privacy rights under the federal Constitution are applicable to local governmental action only by virtue of the Fourteenth Amendment's due process clause and thus subject to *Parratt*. The crux of *Parratt*, they contend, is that where the violation is effected by "a random and unauthorized act by a state employee, a post-deprivation hearing [specifically, petitioner's cause of action for conversion] is sufficient to afford him due process."

*Parratt* involved a state prisoner claiming that certain hobby materials which he had ordered by mail were "negligently lost by prison officials in violation of his rights under the Fourteenth Amendment . . . ." (*Parratt* v. *Taylor, supra,* 451 U.S. at p. 529 [68 L.Ed.2d at p. 425].) The United States Supreme Court concluded that the tort claims procedure which the claimant could have utilized in state court afforded him sufficient due process in the circumstances, and therefore that he had not pleaded the deprivation of due process essential to a section 1983 claim. (*Id.,* at pp. 543-544 [68 L.Ed.2d at pp. 433-434].) The *Parratt* court distinguished claims of deprivation of procedural rights from those involving violations of substantive constitutional rights. "The only deprivation respondent alleges in his complaint is that 'his rights under the Fourteenth Amendment of the Constitution of the United States were violated. That he was deprived of his property and Due Process of Law.' [Citation to record.] As such, respondent's claims differ from the claims which were before us in *Monroe* v. *Pape, supra,* [365 U.S. 167] which involved violations of the Fourth Amendment . . . ." (*Parratt* v. *Taylor, supra,* 451 U.S. at p. 536 [68 L.Ed.2d at p. 429].)

*Hudson* also involved a state prisoner claiming section 1983 relief on the basis that his personal property was intentionally destroyed by guards during an unreasonable "shakedown search" of his cell. The high court held that *Parratt* was applicable to intentional, as well as negligent destruction of a prisoner's property and, significantly, that prisoners had no reasonable expectation of privacy, and hence, no Fourth Amendment violation occurred. The state's postdeprivation remedy was deemed sufficient to satisfy the claimant's procedural due process rights.

*Wilkins* v. *Whitaker, supra,* 714 F.2d 4, also following *Parratt,* found no Fourth Amendment violation to support the claimant's section 1983 cause of action.

Petitioner contends that *Parratt* and its cognates apply to bar a section 1983 action only where there is an alleged violation of "no other right, privilege, or immunity secured by the Constitution or federal laws other than the Due Process clause of the Fourteenth Amendment simpliciter." (*Parratt* v. *Taylor, supra,* 451 U.S. at p. 536 [68 L.Ed.2d at p. 429].) Petitioner's section 1983 cause of action relies on the alleged illegality of the initial seizure from his residence as distinct from the subsequent loss of the property seized. Therefore, he maintains, his section 1983 count is based on a violation not of "the Due Process clause of the Fourteenth Amendment simpliciter," but rather on his *substantive* rights under the Fourth Amendment as incorporated in the Fourteenth Amendment due process clause (*Mapp* v. *Ohio* (1961) 367 U.S. 643, 650 [6 L.Ed.2d 1081, 1087, 81 S.Ct. 1684, 82 A.L.R.2d 933]) and that this distinction is sufficient to render *Parratt* et al., inapposite.

We conclude that petitioner's technical argument is correct. In *Parratt* the question was not whether there was an adequate state remedy for violation of a federal constitutional right, but rather whether there was any such violation in the first place. *Parratt*'s conclusion was that in the circumstances of record therein, a postdeprivation trial in state court would have afforded the claimant due process and, therefore, no other constitutional violation being alleged, there was no constitutional violation at all within the meaning of section 1983. "*Parratt* is thus not applicable to instances where the substantive guarantees of the Constitution are alleged to be violated, as opposed to alleged violations of procedural due process. [Fn.] Federal and state courts in effect have concurrent jurisdiction over torts based on substantive constitutional guarantees. *Al-Mustafa Irshad* v. *Spann,* 543 F.Supp. 922, 926 (E.D.Va. 1982)." (*Wolf-Lillie* v. *Sonquist, supra,* 699 F.2d at p. 872.)

Let a peremptory writ of mandate issue directing the superior court to vacate and set aside its order granting real parties' motion for summary adjudication of issues and to enter a new order denying said motion.

Low, P. J., and King, J., concurred.