804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Freddie STOKES, Plaintiff-Appellant,
v.
Correctional Officer BRISSON, Defendant-Appellee.
 No. 86-6669.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 16, 1986.
Decided Nov. 4, 1986.
 
 Freddie Stokes, appellant pro se.
 E.D.N.C.
 AFFIRMED.
 Before SPROUSE and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Freddie Stokes, a North Carolina inmate, appeals the dismissal under 28 U.S.C. Sec. 1915(d) of his 42 U.S.C. Sec. 1983 complaint. Stokes claimed that he was deprived of his property without due process of law when a prison guard allegedly took $5.00 out of Stokes' prison cell.
 
 
 2
 Even intentional deprivations of a prisoner's property by state employees acting within the scope of their employment are not actionable under Sec. 1983 if adequate post-deprivation state remedies are available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). North Carolina provides adequate post-deprivation remedies for Stokes to pursue. Wilkins v. Whitaker, 714 F.2d 4 (4th Cir.1983), cert. denied, 468 U.S. 1217 (1985); Sheppard v. Moore, 514 F.Supp. 1372 (M.D.N.C.1981).
 
 
 3
 Accordingly, we find that the district court properly dismissed as legally frivolous Stokes' Sec. 1983 complaint. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 4
 AFFIRMED.