884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Norman Keith PETTIT, Plaintiff-Appellant,
v.
UNKNOWN FBI AGENTS, Cumberland County Sheriff's Deputies,
Defendants-Appellees.
 No. 89-7552.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 30, 1989.
Decided Aug. 15, 1989.
 
 Norman Keith Pettit, appellant pro se.
 Before WIDENER, PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Norman Keith Pettit appeals from the district court's judgment denying relief in this action brought under the authority of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and under 42 U.S.C. Sec. 1983. For the reasons stated below we affirm the district court's judgment as modified.
 
 
 2
 Pettit alleges that on September 30, 1987, he was arrested by FBI agents and deputies from the Cumberland County, North Carolina, Sheriff's Department. He also alleges that his car was seized and his apartment was searched and sealed by the sheriff's department. He has since been unable to secure the return of his property. His complaint seeks return of the property, reimbursement for lost items, and punitive damages.
 
 
 3
 The gravamen of Pettit's complaint is that he was deprived of his property without due process of law in violation of the fourteenth amendment. An unauthorized deprivation of property by a state official does not constitute a violation of the due process clause of the fourteenth amendment if a meaningful post-deprivation state remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). North Carolina law provides post-deprivation remedies that satisfy due process requirements. See Wilkins v. Whitaker, 714 F.2d 4 (4th Cir.1983), cert. denied, 468 U.S. 1217 (1984); N.C.Gen.Stat. Secs. 143-291 et seq. Because Pettit has available to him an adequate post-deprivation state remedy, he is not entitled to federal relief on a claim of deprivation of property without due process.
 
 
 4
 Subsequent to the district court's dismissal of his complaint, Pettit submitted papers wherein he highlighted a fourth amendment claim. Because these papers were not before the district court, we do not consider his allegations for the first time on appeal. However, we do modify the district court's dismissal order to reflect that the dismissal is without prejudice to afford Pettit an opportunity to refile his complaint and particularize his fourth amendment claims. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978).
 
 
 5
 We affirm the judgment as modified and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED AS MODIFIED.