935 F.2d 1287
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Shane SOFER, Rachel Ana Clark, Eve Anna Clark,
Plaintiffs-Appellants,
and
(Saul) Paul Meldin Detmer, Plaintiff,
v.
STATE OF NORTH CAROLINA HERTFORD POLICE DEPT, Perquimans
Sheriff Department, Chief Sample, Thomas Teague, George
Long, G.M. Vick, James Logan, Joe Lothian, Ralph Robinson,
Broughton T. Dail, Defendants-Appellees.
 No. 91-7024.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 6, 1991.
Decided June 21, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (MISC-90-40; MISC-90-41; MISC-90-42; MISC-90-39)
 Michael Shane Sofer, Rachel Ana Clark, Eve Anna Clark, appellants pro se.
 E.D.N.C.
 DISMISSED IN PART, AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Michael Craig Clark (also known as Michael Shane Sofer), Eve Anna Clark, and Rachel Ana Clark appeal from an order of the district court dismissing the majority of their claims under 42 U.S.C. Sec. 1983. We dismiss the appeal of Rachel Clark as interlocutory. We affirm in part, and vacate and remand in part, the decision as to Michael and Eve Clark.
 
 
 2
 In September 1990 the Clarks and several others assembled on the sidewalk in front of the Perquimans County Courthouse in Hertford, North Carolina, to "exercise their freedom of speech and expression by 'ministering' and 'proclaiming the righteousness of God.' " The group was approached by Sheriff Joe Lothian and asked whether they had a permit. When they responded that they did not the Sheriff told them that if they did not leave within five minutes they would be arrested for violating Hertford local ordinance Art. III, Sec. 4-25 which states, in part, "[n]o parade, picket line or group demonstration is permitted on the sidewalks or streets of the Town unless a permit therefor has been issued by the Town." Plaintiffs allege that while the Sheriff was counting off the time he ripped an American flag from a sign being carried by Rachel Clark. When the five minutes expired and the plaintiffs had not dispersed they were arrested, handcuffed, and taken to the local courthouse.
 
 
 3
 A single complaint was filed, naming all four plaintiffs, and alleging, in addition to the above facts, that they were subject to physical and verbal abuse during the booking process, and
 
 
 4
 that they were forced to undergo actions which violated the strictures of their religion. The plaintiffs also brought a challenge to the constitutionality of the local ordinance as applied. The plaintiffs were granted leave to proceed in forma pauperis.
 
 
 5
 The court treated the complaint as being one under 42 U.S.C. Sec. 1983 as well as a direct challenge to the constitutionality of the ordinance. The court dismissed all of the claims under Sec. 1983 as being frivolous under Sec. 1915(d) except for Rachel Clark's claim concerning the removal of the flag from her poster. The latter charge was retained for further proceedings. As to the constitutional challenge to the local ordinance, the court noted that criminal charges had been brought against the plaintiffs in state court and ruled that therefore the claim should be dismissed without prejudice either because the federal court should abstain, or because the challenge was more properly brought under 28 U.S.C. Sec. 2254. The Clarks filed a timely notice of appeal.[1]
 
 
 6
 The appeal of Rachel Clark must be dismissed as interlocutory. In its order the district court specifically retained for further adjudication Rachel Clark's claim concerning the removal of the flag from her poster. This Court has jurisdiction under 28 U.S.C. Sec. 1291 solely over appeals from final orders. A final order is one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). The order of the district court was not a final order. The court did not direct entry of final judgment as to particular claims or parties under Fed.R.Civ.P. 54(b), nor does the order fall within the exceptions created by 28 U.S.C. Sec. 1292 or Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).
 
 
 7
 It is likewise clear that the district court's dismissal of the State of North Carolina and Magistrate Dail as defendants was proper. A state is not a person and therefore may not be sued under Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Additionally, the ordinance challenged below is a local one. State magistrates are entitled to absolute immunity for acts performed in their judicial capacity. Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir.1987). Such immunity is vitiated only if the magistrate acts in clear absence of all jurisdiction. Id. It cannot be said under the facts of this case that Magistrate Dail acted in the clear absence of all jurisdiction.
 
 
 8
 Concerning the challenge to the constitutionality of the local ordinance the court noted that attached to the complaint were copies of documents indicating that the plaintiffs had been charged with criminal violations of the ordinance. Stating that it was not clear what the outcome of these charges had been, the court dismissed the constitutional challenge holding that if the criminal proceedings had not been completed then abstention was appropriate under Younger v. Harris, 401 U.S. 37 (1971), and that if they had been completed then the action was more properly one for relief under Sec. 2254 and should be dismissed for failure to exhaust state remedies.
 
 
 9
 The district court's holding was incorrect. Page 7 of the complaint contains a statement signed by both Michael Clark and Eve Clark stating that they have fully completed the jail terms they received for violating the ordinance. No appeal was taken from the state convictions; however, that is not fatal to the present appeal. See Wooley v. Maynard, 430 U.S. 705, 711 (1977). Thus it is clear from the face of the complaint that no basis for Younger abstention existed, and that the challenge could not have been brought as a Sec. 2254 action because Sofer and Clark were no longer "in custody." The district court should have addressed the merits of this claim.
 
 
 10
 Even where the district court erroneously concludes that it should not address a claim a remand is not required where it is clear that the plaintiffs' claim lacks merit. The complaint raises allegations concerning the core values of freedom of speech and the free exercise of religion. Other courts have found statutes almost identical to the present to raise substantial constitutional questions. See Furr v. Town of Swansea, 594 F.Supp. 1543 (D.S.C.1984) (court granted preliminary injunction preventing town from enforcing ordinance requiring persons to obtain permit at least 24 hours in advance of preaching on the streets). In light of the sparse factual record in the present case, the potentially serious issues involved, and the district court's erroneous conclusion that it could not address the merits of the claim we conclude that this claim should be remanded for further consideration.
 
 
 11
 Remaining for consideration are the claims of Michael and Eve Clark under Sec. 1983 which the district court dismissed under 28 U.S.C. Sec. 1915(d) as being frivolous. In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court addressed the distinction between Sec. 1915(d) dismissals and those under Fed.R.Civ.P. 12(b)(6). The Court stated that claims which are founded upon "indisputably meritless legal theories" or "clearly baseless" factual contentions may properly be dismissed as "frivolous" under Sec. 1915(d). Id. at 327. In all other cases, however, a case should be allowed to progress, even where it appears that it will not survive a motion under 12(b)(6). Id. at 328. The Sec. 1915(d) standard is more lenient than that under 12(b)(6). Id. at 326. In essence, Neitzke holds that where a plaintiff proceeds under at least an arguable legal theory, and his factual allegations, such as they are, are not entirely fanciful, dismissal under Sec. 1915(d) is inappropriate. Id. at 327-28.
 
 
 12
 Claims 1 and 2 were properly dismissed as they allege nothing more than a permissible encounter between law enforcement personnel and citizens on a public sidewalk. Claim 3 is currently pending before the district court as to Rachel Clark and is not a claim as to the other plaintiffs.
 
 
 13
 Claims 13, 15, 16, and 19 relate to actions which the plaintiffs were forced to undergo which they claim violated their religious beliefs. That government action or legislation interferes with an individual's free exercise of religion is clearly more than an "arguable" legal theory for recovery. The resolution of this type of claim requires the court to examine the burden placed upon the plaintiff's conduct, to determine whether the state has a compelling justification for this burden, and finally to balance the burden upon the plaintiff against the hindrance to the state's objectives. Dole v. Shenandoah Baptist Church, 899 F.2d 1389, 1397 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S.1990); Wisconsin v. Yoder, 406 U.S. 205 (1972).
 
 
 14
 Though the facts alleged by the plaintiffs may foretell difficulty in prevailing on the merits, there is no indication that they are "fanciful." The mere likelihood, or even certainty, of defeat at the 12(b)(6) stage does not render a plaintiff's complaint frivolous under Sec. 1915(d). Neitzke, 490 U.S. at 331. Accordingly, the dismissal of these claims as frivolous was improper.[2]
 
 
 15
 Claims 6, 7, 11, 12, 14, 17, 18, and 20 concern various allegedly insulting, threatening, or offensive remarks made by the defendants during the course of the plaintiffs' arrest and the subsequent activities at the courthouse. Verbal harassment and abuse such as that alleged in the present case do not rise to the level of a constitutional claim. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979) (sheriff laughed at jailed inmate and told him that he would hang him); Bibbo v. Mulhern, 621 F.Supp. 1018, 1025 (D.Mass.1985) (humiliating, denigrating, and frightening verbal abuse may be actionable as state tort, but does not state a fourteenth amendment claim). To the extent that any of the comments were defamatory they too fail to state an arguable legal basis for relief. Paul v. Davis, 424 U.S. 693 (1976) (defamatory statements are not cognizable under Sec. 1983). Claims 6, 7, 11, 12, 14, 17, 18, and 20 were properly dismissed as frivolous.
 
 
 16
 Claims 8 and 10 concern alleged assaults upon the plaintiffs.[3] Analysis of these claims begins " 'by identifying the specific constitutional right allegedly infringed by the challenged application of force.' " United States v. Cobb, 905 F.2d 784, 788 (4th Cir.1990), quoting Graham v. Connor, 490 U.S. 386, 394 (1989). The key to this determination is the plaintiff's status at the time of the use of force. Cobb, 905 F.2d at 788. Claims 8 and 10 concern altercations that took place as Michael Clark was being placed into a holding cell prior to his initial appearance before the magistrate. Though Michael Clark had already been "arrested" at this point, he had not yet appeared before a magistrate for a determination of probable cause. In this context, the fourth amendment's reasonableness standard would be the most appropriate for analyzing Michael Clark's claims.
 
 
 17
 Michael Clark claims that he was "violently pushed" several times in the course of being placed into the holding cell. As the district judge correctly noted, not every push or shove by a state actor violates a prisoner's or detainee's constitutional rights. See Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973). However, citizens have a legal right to be free of excessive force and Clark's factual allegations, such as they are, are not delusional. Accordingly, claims 8 and 10 were improperly dismissed as frivolous.
 
 
 18
 Claim 21 argues a deprivation of property arising from the failure of the defendants to return several posters which were taken from the plaintiffs when they were arrested. Where a property loss results from the random, unauthorized act of state employees no due process violation arises if adequate postdeprivation remedies exist. Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). North Carolina's post-deprivation remedies are adequate. N.C.Gen.Stat. Secs. 143-291, et seq. See Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir.1983), cert. denied, 468 U.S. 1217 (1984). Because adequate post-deprivation remedies exist, there is no legal theory which would support this claim. It was therefore properly dismissed as frivolous.
 
 
 19
 In conclusion, the appeal of Rachel Clark is dismissed as interlocutory. The dismissal of the State of North Carolina and Magistrate Dail as defendants is affirmed. The dismissal of the claims by Michael and Eve Clark challenging the constitutionality of the local ordinance is vacated. The dismissal of claims 1, 2, 4, 5, 6, 7, 11, 12 14, 17, 18, 20, and 21 as frivolous under Sec. 1915(d) is affirmed. The dismissal of the remainder of the claims under Sec. 1915(d) is vacated and the case is remanded for further consideration. We express no opinion as to whether these claims will survive a well-pleaded 12(b)(6) motion. We conclude, however, that they are minimally adequate to survive dismissal under Sec. 1915(d). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 20
 DISMISSED IN PART, AFFIRMED IN PART, AND VACATED AND REMANDED IN PART.
 
 
 
 [1]
 Each plaintiff was assigned a separate docket number below. Since no consolidation order was ever entered by the district court we have treated each plaintiff separately on appeal
 
 
 [2]
 We affirm the dismissal of claims 4 and 5. It is apparent from the record that the plaintiffs were not, in fact, forced to violate their beliefs
 
 
 [3]
 To the extent that factual allegation number 9 was intended to allege a claim it is not presently before the Court. The plaintiff to whom it applied has not filed an appeal from the district court's decision